## SUPREME COURT OF JUDICATURE

#### OF THE

## STATE OF VERMONT.

---

### RUTLAND COUNTY, JANUARY TERM,
### A. D. 1801.

---

*ENOCH WOODBRIDGE, Chief Judge,*
*LOTT HALL,* } *Assistant Judges.*
*NOAH SMITH,* }

---

ASA FARNUM *et al.* Appellants,
*against*
SOLOMON BARNUM *et al.* Appellees.

In case upon a written contract, it may be read in evidence to the Jury, if it substantially comports with the declaration.

PLAINTIFFS declare, that the defendants, on the 17th of *May*, 1797, in consideration that the plaintiffs forebore to prosecute *Solomon Barnum* for divers sums due from said *Solomon* to them, the amount thereof thereafter to be ascertained by and between the said *Solomon* and the plaintiffs, if said *Solomon* did not pay such sums within two years from the day last mentioned, they the defendants

would pay on demand; that on the 19th of *February*, 1798, *Solomon Barnum* and the plaintiffs did compute and ascertain such sums, and there were found due to the plaintiffs, 1,556 dols. 70 cts. of which the defendants on the same day had notice; that the plaintiffs did forbear to prosecute *Solomon Barnum*, and that he neglected to pay said sum; that the two years had elapsed, and defendants had due notice, and had neglected, &c. All which will more fully appear by the defendants' memorandum in writing dated the 17th of *May*, 1797.

General issue joined, and the cause put to the Jury.

Plaintiffs now offered the following writing in evidence:

Know all men by these presents, that we, *Solomon Barnum*, *Thomas Barnum*, *Jabez Barnum*, *Zacheus Barnum*, and *Philip Smith*, all, &c. are held and stand firmly bound unto *Asa Farnum*, *Oliver Root*, and *Jonas Abbot*, of, &c. merchants trading in company by the name of *Farnum, Abbot & Root*, in the sum of one thousand pounds lawful money, for the payment of which we bind ourselves, our heirs and assigns, by these presents, dated at *Shoreham* this 17th day of *May*, 1797. The condition of the above bond is, however, such, that whereas *Solomon Barnum*, of, &c. now stands indebted to the above mentioned *Asa Farnum*, *Oliver Root*, and *Jonas Abbot*, for certain sums of money, as will appear by his the said *Solomon's* notes executed to the said *Farnum, Abbot & Root*, at divers times, and also by their books; all of which, if the said *Solomon* or his assigns do well and truly pay or cause to be paid unto the above-named

*Farnum et al.*
*v.*
*Barnum et al.*

*Farnum, Abbot & Root,* their heirs and assigns, the full and just sum or sums of money, which, on an adjustment of accounts, appear to be due to them the said *Farnum, Abbot & Root,* with the lawful interest, so fast as the said *Solomon* can, using every effect which shall mostly facilitate the payment to them the said *Farnum, Abbot & Root,* from time to time, the last payment of which is to complete the full sums which shall appear to be due, is not to exceed two years from the date above : then this bond to be void, otherwise, &c.

Subscribed by the four *Barnums* and *Philip Smith,* but not sealed.

*Benson, February* 19th, 1798. Then, on a settlement between the aforesaid *Farnum, Abbot & Root,* and *Solomon Barnum,* there is found due from the said *Solomon,* 1,556 70-100 dollars, for which the said *Solomon* hath given his note to *Asa Farnum;* the payment of which we hold ourselves bound to pay on his failing or neglecting to pay the same when thereunto called on, provided we are not called upon before the 15th day of *May,* 1799.

Subscribed by the four *Barnums* and *Philip Smith,* and indorsed.

*Daniel Chipman,* for defendants, objected to the writing being read to the Jury.

This writing appears not to be under seal. If that had been the case, we might have been estopped from impeaching an instrument upon the present grounds of exception, to which the rules of law had annexed a technical importance. Instruments of the loose nature of the present, the law exposes to a strict scru-

tiny, and there must be found on the face of them <span style="float:right">Farnum et al.<br>v.<br>Barnum et al.</span> all the features of a legal contract. We except to this,

First. Because it does not appear that there is any consideration for the promise purported to have been made, it is a mere *nudum pactum*. The only semblance of consideration is a forbearance of suits *generally*. Such general considerations cannot operate in law.

Secondly. The promise contained in the paper varies from the promise alleged in the declaration. The promise in the paper is grounded on the reasonable exertions of *Solomon Barnum*. If he did not make payment, plaintiffs might call upon him at any time; and if two years elapsed, and he did not make payment, then the defendants assumed.

The promise declared upon is, that if *Solomon Barnum* did not pay such sums within two years from a certain day, the defendants would pay on demand.

Thirdly. It appears by an indorsement on the writing in question, that by computation by the plaintiffs and *Solomon Barnum*, there was found due to the plaintiffs on settlement on the 19th of *February*, 1798, 1,556 dols. 70 cts. ; that *Solomon Barnum* gave his note for that sum to *Asa Farnum*, and the other defendants gave their assurance for the payment of this note. This certainly extinguished the first promise, which is that declared on.

*Israel Smith*, for the plaintiffs. These exceptions are matters to be considered by the Jury, not by the Bench. There can be no question but here are the right parties. Whether the construction of the pro-

mise declared upon be different from what is insisted upon by the plaintiffs, is a matter of fact for the Jury. Part of the promise is reduced to writing; part rests on parol testimony. Surely a promise may be reduced to writing, and the consideration omitted and afterwards substantiated by parol evidence. If, in a promissory note, the words " value received" should be omitted, might not the consideration of such note be shewn by parol testimony?

To the second exception we reply: It is a rule of law, that actions upon covenants reduced to writing may be brought on the covenants, or on the penal part; so, by parity of reason, we may bring this action upon the parol or written part of this promise: but we can discern no variance in the promise declared upon, and the promise in the instrument offered in evidence. By a fair construction of both, *Solomon Barnum* was to have two years to make payment, and so fast within the two years as he could, which was to rest on himself. In case of *Solomon Barnum's* failure at the expiration of two years, the defendants were to be liable, and no suits were to be brought in the mean while.

But our opponents say, thirdly, that they discover in the indorsement upon the instrument, that a promissory note has been executed by *Solomon Barnum* to *Asa Farnum* only; and this operates an extinguishment of the joint demand of the present plaintiffs. But the instrument which we offer speaks of a sum uncertain, which was to be ascertained. The adjustment indorsed on the same paper was in pursuance of the spirit of the contract. It was necessary that such adjustment should take place, in order to

make the defendants liable. A note is made to *Asa* *Farnum,* one of the plaintiffs, but must it not be considered as made to him in trust for the use of the others. The simple statement of the case is, that the defendants promised to pay the debts of one of them in consideration of forbearance; the sum uncertain, and to be reduced to certainty by a computation to be made by the plaintiffs and the debtor; the computation is made, the sum ascertained, and a memorandum in writing in the form of a promissory note given to one of the plaintiffs, and all the defendants engage to pay the contents of the note, being the sum ascertained by the indorsement, which is but affirming the promise of their primary contract. Does this extinguish the promise declared upon? Can accord be pleaded without satisfaction? Was a mere charge of security, if we consider it in this light, ever considered as payment?

The doctrine of extinguishment is clear. The general rule is, that a creditor accepting a higher security than he had before, is an extinguishment of the first debt; as if a creditor by simple contract accepts an obligation, this extinguishes the simple contract debt. *Bac. Abr.* vol. 3. p. 106.

But the accepting a security of an inferior nature, is by no means an extinguishment of the first debt; as if a bond be given in satisfaction of a judgment. *Cro. Jac.* p. 649, 650. *Brownl.* p. 29.

Also the accepting of a security of *equal degree,* which at the worst is our case, is no extinguishment of the first debt. *Cro. Eliz.* p. 304. 726, 727. *Brownl.* 74. 1 *Burr.* 9.

Farnum et al.
v.
Barnum et al.

HALL, Judge. The point which labours with me is the alleged variance between the promise declared upon, and that contained in the writing offered in evidence. If they substantially differ, the paper adduced cannot be read in evidence.

*Daniel Chipman.* If a man brings an action upon a written contract, he must produce a writing conformable to his statement in his declaration, and not be allowed to produce a writing which contains extrinsic matters, which require to be buttressed by parol testimony. The facts are immaterial, but as they shew a variance; and to this purpose we mentioned the note given by *Barnum* to *Farnum.* Questions of construction of contracts may be proper for a Jury; but here the question is not whether *their* or *our* construction is better, but whether there is a variance in the promise declared on and the promise in the writing produced. We did not mean to rely upon the doctrine of extinguishment of debts. The note from *Barnum* to *Farnum* was mentioned merely to shew the variance. But surely, if the defendants in this case had given a promissory note to the plaintiffs, containing the sum adjusted, it would have extinguished the contract declared upon.

By the Court. Let the writing be read to the Jury. It appears to be substantially the same with that proferted in the declaration. *Hesitante Hall.*

*Israel Smith,* for plaintiffs.
*Daniel Chipman,* for defendants.